**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **WILLIAM BAYNE, JR.,** | ) |
| **and** | ) |
| **3336 WILSON BOULEVARD, LLC,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No. _____** |
| | ) |
| **ARLINGTON COUNTY, Virginia;** | ) |
| **THE COUNTY BOARD OF** | ) |
| **ARLINGTON COUNTY, Virginia;** | ) |
| **CHRISTIAN DORSEY, in** | ) |
| **his official capacity as Arlington** | ) |
| **County Board Chairman;** | ) |
| **MARK SCHWARTZ, individually and in** | ) |
| **his official capacity as County Manager;** | ) |
| **ARLOVA VONHM, individually and in** | ) |
| **her official capacity as Zoning Administrator;** | ) |
| **and ARLINGTON COUNTY BOARD** | ) |
| **OF ZONING APPEALS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| **Serve:** | ) |
| **ALL DEFENDANTS:** | ) |
| **Steve MacIsaac** | ) |
| **Arlington County Attorney** | ) |
| **Office of the County Attorney** | ) |
| **2100 Clarendon Blvd., Suite 403** | ) |
| **Arlington, VA 22201** | ) |
| | ) |
| **THE COUNTY BOARD OF** | ) |
| **ARLINGTON COUNTY:** | ) |
| **Christian Dorsey, Chair** | ) |
| **Libby Garvey, Vice Chair** | ) |
| **Erik Gutshall, Member** | ) |
| **Katie Cristol, Member** | ) |
| **Matt de Ferranti, Member** | ) |
| **2100 Clarendon Blvd. Suite 300** | ) |
| **Arlington, VA 22201** | ) |
| | ) |

1

| | |
|---|---|
| **CHRISTIAN DORSEY, Arlington** | ) |
| **County Board Chairperson** | ) |
| **2100 Clarendon Blvd. Suite 300** | ) |
| **Arlington, VA 22201** | ) |
| | ) |
| **MARK SCHWARTZ** | ) |
| **County Manager's Office** | ) |
| **2100 Clarendon Blvd., Suite 302** | ) |
| **Arlington, VA 22201** | ) |
| | ) |
| **ARLOVA VONHM** | ) |
| **2100 Clarendon Blvd, Suite 1000** | ) |
| **Arlington, VA 22201** | ) |
| | ) |
| **ARLINGTON COUNTY BOARD** | ) |
| **OF ZONING APPEALS:** | ) |
| **Charles D. Smith, Chair** | ) |
| **Inta Malis, Vice Chair** | ) |
| **Judy Freshman, member** | ) |
| **Paul Melnick, member** | ) |
| **Peter Owen, member** | ) |
| **2100 Clarendon Blvd, 10th Floor** | ) |
| **Arlington, VA 22201** | ) |
| | ) |

## COMPLAINT

COME NOW, William Bayne, Jr. ("Mr. Bayne") and 3336 Wilson Boulevard, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, and file this Complaint against Arlington County, Virginia, *et al*. ("Defendants") and in support thereof state as follows:

### INTRODUCTION

1.     This civil-rights and negligence lawsuit seeks to vindicate the Constitutional rights of an entrepreneur to lawfully exercise his property rights without denial and interference from local government authorities in Arlington County, Virginia.  William Bayne, Jr., is the owner and operator of several properties and businesses in Arlington County, including the Highlander Motel, Crystal City Restaurant, and Crystal City Sports Club.  Mr. Bayne negotiated a lucrative agreement to redevelop the Highlander Motel into a new pharmacy.  The deal was

unlawfully blocked for years by Defendants for no legitimate or justifiable reason causing Plaintiffs to experience significant economic losses.

2.      Defendants' unlawful zoning determination and Defendants' irrational hostility towards Mr. Bayne resulted in a taking of Mr. Bayne's property rights in violation of his due process and equal protection rights and constitutes grossly negligent conduct by Arlington County and Defendants causing Mr. Bayne to incur over $1.6 million in damages.

3.      Plaintiffs bring this lawsuit pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Virginia Constitution, and Virginia common law on negligence.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) in that the controversy arises under the U.S. Constitution and under 42 U.S.C. § 1983. The Court has supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) since those claims are intertwined with the federal questions presented in this case.

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this District.

## PARTIES

6.      Plaintiff William Bayne, Jr., is a citizen of the Commonwealth of Virginia, and a resident of Arlington County.  Plaintiff owns several companies and properties in Arlington County, including: (1) BBB Corporation, trading as Crystal City Restaurant (hereinafter, "Crystal City Restaurant"), located at 422 South 23rd Street, Arlington, Virginia 22202; (2) 23rd Street Corporation, trading as Crystal City Sports Club (hereinafter, "CCSC"), located at 529 South 23rd Street, Arlington, Virginia 22202; and; (3) Highlander Associates Limited, trading as

Highlander Motel Inn, also known as Highlander Motor Inn (hereinafter, "Highlander Motel"), located at 3336 Wilson Boulevard, Arlington, Virginia 22201.

7.      Plaintiff 3336 Wilson Boulevard, LLC, is a Virginia limited liability company which owns land in Arlington County, Virginia, on which Plaintiff Mr. Bayne and his company Highlander Associates Limited operate the Highlander Motel.

8.      Defendant Arlington County is a County or Locality under Virginia law.  *See* Va. Code Ann. § 15.2-102.  As a county it is governed by the notice requirements of Virginia Code § 15.2-209.

9.      Defendant The County Board of Arlington County, Virginia is Arlington County's governing body, vested with legislative powers.  It is composed of five members, who are elected at large.  The Board makes land use and zoning decisions within the limitations imposed by the Code of Virginia. The Board also makes policy decisions that the County Manager administers.

10.      Defendant Christian Dorsey is the Chairman of The County Board of Arlington County, Virginia.  He is sued in his official capacity as Arlington County Board Chairman;

11.      Defendant Arlova Vonhm is the Zoning Administrator for Arlington County, Virginia, and is the official responsible for interpreting, administering, and enforcing the Arlington County Zoning Ordinance and verifying the zoning compliance of a property. Defendant Arlova Vonhm is sued individually and in her official capacity.  The Zoning Administrator's authority and responsibility is granted by the Code of Virginia, and guided by Zoning Ordinances. In executing these duties, the Zoning Administrator can issue determinations on zoning and land use regulations, grant minor administrative amendments to County Board approved developments, and verify the zoning compliance of a property including

4

determinations of nonconforming status. The Zoning Administrator also serves as technical expert to the Board of Zoning Appeals (BZA).

12.     Defendant The Arlington County Board of Zoning Appeals is a quasi-judicial body consisting of five members appointed by the Circuit Court for staggered terms of five years who are private citizens and residents of Arlington.  The Board decides appeals of administrative decisions of the Zoning Administrator.

13.     Defendant County Manager Mark Schwartz is the principal administrative officer of the County.  He and his office provide professional recommendations to the County Board. Defendant Mark Schwartz is sued individually and in his official capacity.

## FACTUAL BACKGROUND

14.     William Bayne, Jr., is the owner of various commercial properties in Arlington, Virginia, which are the subject of this Complaint.  Mr. Bayne and his business 3336 Wilson Boulevard, LLC, were harmed by Arlington County and Defendants' actions in that Plaintiffs were subject to a taking of their property rights in violation of the United States and Virginia Constitutions and a denial of due process and equal protection under the law.

15.     The instant claims arise from the Special Use Permit ("SUP") approved by the Arlington County Board on November 2, 1963, as to Plaintiffs' property located at 3330 Wilson Boulevard (the "Wilson Lot").  As has now been established by the Virginia courts, the SUP permits parking for the Wilson Lot on an adjacent property (the "Kenmore Lot"), also owned by Plaintiffs.

16.     In 2016, Plaintiffs sought to redevelop the Wilson Lot property from the 1960s-era Highlander Motel to a new pharmacy.    To that end, the developer for the proposed new pharmacy sought a determination from the Arlington County Zoning Administrator confirming

that the SUP would permit the developer to continue to use the adjacent Kenmore Lot for required parking for the proposed new pharmacy.

17.     The Zoning Administrator and Board of Zoning Appeals ("BZA") refused to recognize the rights granted to Plaintiffs by the SUP, and denied the right to use the lot for parking, thus preventing Plaintiffs from exercising their right to redevelop their property with a new pharmacy that would be beneficial to the community.

18.     The denial of the lawful use of Plaintiffs' property was made without legal justification, and it required a ruling of the Arlington County Circuit Court to eventually reverse Arlington County's improper denial of Mr. Bayne's rights under the SUP.  *See* Exhibit 1, Circuit Court Letter Opinion dated 8/22/17.  The Circuit Court entered its Final Order of Judgment on October 16, 2017.

19.     Still Arlington County persisted and filed a baseless appeal to the Supreme Court of Virginia.  On or around January 16, 2018, the County Board of Arlington County appealed the Circuit Court decision to the Virginia Supreme Court, and the Virginia Supreme Court denied the Petition for Appeal on October 10, 2018.

20.     Additionally, in their dealings with Plaintiffs, Defendants evidenced animus toward Mr. Bayne.  Defendants acted without any rational or legitimate basis in refusing to work with Plaintiffs to find alternative solutions to the parking issue for the proposed new pharmacy despite Plaintiffs' proposing alternatives in an attempt to move forward with the pharmacy lease.

21.     For example, on information and belief, when asked about redeveloping the Wilson Lot, the prior zoning administrator in 2016 gave assurances that there would be no problem using the Kenmore Lot for parking as specified in the SUP.  However, when Arlova Vonhm assumed the position of Arlington County Zoning Administrator, she reversed positions

without any rational or legitimate basis even though she had been working on the matter and under the former Zoning Administrator for years.

22.   Defendants then took conflicting positions as to whether Plaintiffs could seek to rezone the lot.  On information and belief, Defendant Arlington County insisted that the lot could not be rezoned because that would conflict with the general land use plan.  In its argument and/or briefing to the courts, however, Arlington County stated the opposite and repeatedly argued that Plaintiffs could just request to rezone the lot, and therefore, the requested relief was not needed.

23.   Plaintiffs also offered to dedicate to Arlington County valuable land to provide an easement or extend a public walkway through their property, but even this offer was refused without any rational or legitimate justification.

24.   Defendants' unlawful and baseless conduct, including Arlington County's continued pursuit of this matter when it was obvious there was no legal basis for its position, has caused Plaintiffs to suffer loss of rental income of at least approximately $1.6 million (one million, six hundred thousand dollars) and legal fees of over $100,000 (one hundred thousand dollars), as well as other damages due to delay and potential loss of a lease agreement that had been negotiated with a national pharmacy company.

25.   Defendants' actions lacking any rational basis are reflective of their long-standing animus towards Mr. Bayne and his commercial ventures, most notably the Crystal City Restaurant ("CCR").  This animus and discriminatory treatment is intended to harm him financially and to force him and his businesses out of the County.

26.   In light of these concerns, Mr. Bayne, by counsel, submitted a Freedom of Information Act request to Arlington County on December 5, 2017.  Arlington County withheld approximately at least 40 records, claiming they were privileged, but, despite demand, has

improperly refused to provide a privilege log to support its claim.  *See* Exhibits 2, 3, 4, and 5, FOIA letters and responses.  Thereafter, Mr. Bayne filed a Petition for Writ of Mandamus in the Circuit Court for the County of Arlington pursuant to Virginia Code § 2.2-3713, to require Arlington County to comply with provisions of the Virginia Freedom of Information Act and to produce all responsive records.  Exhibit 6.  No documents or privilege log have been produced in response to the Writ of Mandamus as of the date of filing of this Complaint.

27.     The FOIA request revealed emails showing that Arlington County officials actively avoid in person interactions and communications with Mr. Bayne.

28.     Another instance of Arlington County's animus toward Mr. Bayne occurred when on January 5, 2018, officers of the Arlington County Police Department executed a warrant to search the dressing room at CCR used by CCR dancers.  The officers did not limit the scope of the search to the dressing room, however, but extended the  search to Mr. Bayne's office at the restaurant.  And, while they were searching the office, the officers improperly covered Mr. Bayne's office surveillance camera for forty minutes for no apparent legitimate law enforcement reason.

29.     Significantly, this was the first law enforcement search of the CCR, and it appears to be no coincidence that the search occurred eleven days before Arlington County filed its Petition for Appeal in the SUP dispute with the Virginia Supreme Court.  On information and belief, it appears that the Police Officer who conducted the search previously had ties to, and actually had worked with, the Arlington County Zoning Division and/or the County Manager's Office.

30.     In another example, Arlington County also has been aware of the dangerous condition caused by the size and orientation of the parking lot outside of the restaurant for a

substantial period of time, but again, apparently due to its animus towards Mr. Bayne and the CCR, the County refuses to address the problem even though it poses a danger to pedestrians and patrons.

31.     Mr. Bayne's FOIA request also revealed emails showing that Arlington County officials harbor animosity toward Mr. Bayne and ignore his reasonable concerns concerning the safety of the CCR parking lot.

32.     That these actions (or lack thereof) by Defendants are intentional acts to injure Mr. Bayne is further highlighted by the pattern by which Arlington County officials, over the past two decades, have expressed their animus towards Mr. Bayne in various interactions with him and his friends.

33.     As a result of the wrongful actions of Arlington County and the other Defendants, Plaintiffs have suffered a taking of property and a loss of due process and equal protection rights and other rights under the U.S. Constitution and the Virginia Constitution and federal and state statutes including 42 U.S. Code § 1983.

34.     The wrongful acts also constitute actionable negligence and/or gross negligence. The negligence of Defendants in denying and appealing Petitioner's use permit is tortious conduct under Virginia law.  *See Yassa v. Moore*, 3 Va. Cir. 189 (1984) (holding that the negligence of an official in the zoning context is actionable under Virginia law).

35.     In an abundance of caution, Plaintiffs served Arlington County Attorney Steve MacIssac a Notice of Claim and Supplemental Notice of Claim pursuant to Code of Virginia § 15.2-209 for a claim against the County of Arlington and the Arlington County Police Department and against individuals employed by or who are agents of the County of Arlington and the Arlington County Police Department on March 1, 2019, and April 10, 2019.

## COUNT I – VIOLATION OF THE TAKINGS CLAUSE OF THE UNITED STATES CONSTITUTION, THE DUE PROCESS CLAUSE, THE FIFTH AMENDMENT, AND 42 U.S.C. § 1983

36.     Plaintiffs reassert and adopt by reference the allegations contained in the paragraphs above as though they were fully set forth herein.

37.     Plaintiffs' Special Use Permit ("SUP"), approved by the Arlington County Board on November 2, 1963, as to the Wilson Lot, constitutes a vested property interest under state law. *See Board of Supervisors v. Cities Serv. Oil Co.*, 193 S.E.2d 1, 3 (Va. 1972) (holding that a landowner's right to the land use described in the use permit was a vested property right that vested upon the filing of the site plan); *Board of Supervisors v. Medical Structures, Inc.,* 192 S.E.2d 799, 801 (Va. 1972) (holding that issuance of a special use permit and subsequent filing of a site plan combined with incurred expenses created a "vested right" in the permittee).

38.     Plaintiffs' vested property rights for the Wilson Lot constitute protected property under the U.S. Constitution's Fifth Amendment Due Process and Takings Clauses.  The Due Process and Takings Clauses in the Fifth Amendment are made applicable to states and local governments through the Fourteenth Amendment.  *Chicato, B. & Q.R. Co. v. Chicago,* 166 U.S. 226, 239 (1897).

39.     The wrongful actions of Defendants denied Plaintiffs the use of his vested property right in the SUP for years from the date that the Arlington County Zoning Administrator refused to recognize Plaintiffs' vested property rights in the SUP until on or about October 10, 2018, when the Virginia Supreme Court denied Arlington County's Petition for Appeal of the Alexandria Circuit Court decision recognizing Plaintiffs' rights.

40.     The failure of Arlington County to recognize Plaintiffs' clearly established vested property rights by virtue of the SUP was done in bad faith or in reckless disregard of Plaintiffs' rights.

41.     The bad faith or reckless denial of the use of Plaintiffs' SUP for an extended period of time caused substantial delay in the development of the Wilson Lot with the loss of rental income, the incurring of legal fees, as well as other delay damages.  Such denial constitutes a temporary taking of Plaintiffs' property under the due process and takings clauses of the U.S. Constitution for which Defendants are obligated to compensate Plaintiffs.  *See First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304 (1987).

42.     Plaintiffs may seek to vindicate their rights and to obtain redress for the unconstitutional taking by pursuing a Fifth Amendment takings action in federal court under § 1983 and receiving just compensation for the taking in an amount to be proven at trial, but at least $1.7 million.  *See Knick v. Township of Scott, PA, et al.*, 139 S. Ct. 2162 (2019).

## COUNT II – VIOLATION OF THE VIRGINIA CONSTITUTION

43.     Plaintiffs reassert and adopt by reference the allegations contained in the paragraphs above as though they were set forth fully herein.

44.     Defendants' actions constitute a violation of Plaintiffs' due process rights arising under Art. I, section 11 of the Virginia Constitution, which provides that "no person shall be deprived of his. . . property without due process of law" and that "[n]o private property shall be damaged or taken for public use without just compensation of the owner thereof."

45.     Plaintiffs have been damaged by Defendants' actions in violation of the Virginia Constitution in an amount to be proven at trial, but at least $1.7 million.

## COUNT III – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION

46.     Plaintiffs reassert and adopt by reference the allegations contained in the paragraphs above as though set forth fully herein.

47.     The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner.  U.S. Const. amend. XIV, § 1.

48.     As set forth above, Defendants have intentionally treated Mr. Bayne and his commercial ventures differently from relatively similar individuals without any rational basis to justify their actions.  Defendants also have subjected Plaintiffs to different treatment from other residents due to their long-standing animus towards Plaintiffs.  Such differing treatment is irrational and wholly arbitrary.

49.     Defendants' differential, irrational and arbitrary treatment of Plaintiffs and their denial of Plaintiffs' use of their vested property rights in the SUP for the Wilson Lot violate the U.S. Constitution's Equal Protection clause by singling out Mr. Bayne as a "class of one."  *See Village of Willowbrook v. Olech,* 528 U.S. 562 (2000).

50.     Plaintiffs have been damaged by Defendants' actions in violation of the U.S. Constitution in an amount to be proven at trial, but at least $1.7 million.

**COUNT IV – NEGLIGENCE AND/OR GROSS NEGLIGENCE (pled in the alternative)**

51.     Plaintiffs reassert and adopt by reference the allegations contained in the paragraphs above as though set forth fully herein.

52.     Defendants refused to recognize the rights granted to Plaintiffs by the SUP, and denied the right to use the lot for parking, thus preventing Plaintiffs from exercising their right to redevelop their property with a new pharmacy that would be beneficial to the community.

53.     The denial of the lawful use of Plaintiffs' property was made without legal justification, and it required a ruling of the Arlington County Circuit Court to eventually reverse Arlington County's improper denial of Plaintiffs' rights under the SUP.

54.     Defendants' unlawful and baseless conduct, including Arlington County's continued pursuit of this matter when it was obvious there was no legal basis for its position, was negligence and/or gross negligence.   Defendants' had a duty to use reasonable care in performance of their ministerial government functions in evaluating and deciding Plaintiffs' right to use the parking lot, but did not do so.  *Yassa v. Moore,* 3 Va. Cir. 189 (Alexandria 1984).

55.     Plaintiffs have been damaged by Defendants' negligent conduct in an amount to be proven at trial, but at least $1.7 million.

## JURY DEMAND

Pursuant to the Constitution of the United States and the Commonwealth of Virginia, Federal Rule of Civil Procedure 38, and any other applicable law, Plaintiffs' demand that all issues of fact, triable by and reserved to a jury be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs William Bayne, Jr., and 3336 Wilson Boulevard, LLC, pray this Honorable Court enter judgment jointly and severally against Defendants including:

1.     A Judgment that Defendants have effected a taking under the Virginia and United States Constitutions and for an award of damages to Plaintiffs of at least $1.7 million (one million, seven hundred thousand dollars); and

2.     A Judgment against Defendants and in favor of Plaintiffs for attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and § 1988; and

3.     An award of attorneys' fees, costs, and punitive damages; and

4.      A Judgment granting such other and further relief as the Court deems just and proper.

Dated: August 19, 2019                   Respectfully submitted,

                                          WILLIAM BAYNE, JR.
                                          By Counsel

                                          _M. Jarrad Wright_____
                                          Bernard J. DiMuro (VSB No. 18784)
                                          M. Jarrad Wright, Esq. (VSB No. 68814)
                                          Jayna Genti, Esq. (VSB No. 90065)
                                          DIMUROGINSBERG, P.C.
                                          1101 King Street, Suite 610
                                          Alexandria, Virginia 22314
                                          Telephone: 703-684-4333
                                          Facsimile: 703-548-3181
                                          Email:  bdimuro@dimuro.com
                                                   mjwright@dimuro.com
                                                   jgenti@dimuro.com


                                          *Counsel for Plaintiff William Bayne, Jr.*