

## DiMuroGinsberg PC
### ATTORNEYS AT LAW

BERNARD J. DIMURO
NINA J. GINSBERG
MICHAEL S. LIEBERMAN
JONATHAN R. MOOK
C. THOMAS HICKS III
MILTON B. WHITFIELD
ANDREA L. MOSELEY
STACEY ROSE HARRIS
KENDALL A. ALMERICO*
BILLY B. RUHLING, II
M. JARRAD WRIGHT
JAYNA GENTI

HARVEY B. COHEN
SENIOR COUNSEL

CECIL E. KEY †
OF COUNSEL
JAY P. KESAN †
OF COUNSEL
TERESA M. SUMMERS †
OF COUNSEL

† MEMBER OF KEY IP LAW GROUP
* LICENSED ONLY IN FL

December 5, 2017

***Via Facsimile and Electronic Mail:***

FOIA Officer
2100 Clarendon Boulevard, Suite 302,
Arlington, VA 22201
Fax: 703-228-3218
Email: CMOFOIA@arlingtonva.us

Re:   FOIA Request

Dear FOIA Officer:

My name is Bernard J. DiMuro and I currently represent William Bayne, Jr. ("Mr. Bayne"), personally and as the owner of the following three establishments:

- BBB Corporation, trading as Crystal City Restaurant (hereinafter, "CCR"), located at 422 South 23rd Street, Arlington, VA 22202;

- 23rd Street Corporation, trading as Crystal City Sports Club (hereinafter, "CCSC"), located at 529 South 23rd Street, Arlington, VA 22202; and

- Highlander Associates Limited, trading as Highlander Motel Inn, also known as Highlander Motor Inn (hereinafter, "HMI"), located at 3336 Wilson Boulevard, Arlington, VA 22201.

Under the Virginia Freedom of Information Act, §2.2-3704 et seq., I am requesting an opportunity to inspect or obtain copies of public records. Specifically, I am requesting:

**EXHIBIT 2**

1101 KING STREET, SUITE 610
ALEXANDRIA, VIRGINIA 22314
TEL: 703.684.4333  FAX: 703.548.3181

1750 TYSONS BLVD., SUITE 1500
TYSONS CORNER, VIRGINIA 22102
TEL: 703.289.5118  FAX: 703.388.0648

WEB: WWW.DIMURO.COM



FOIA Officer
December 5, 2017
Page 2

**INFORMATION REGARDING THE PARKING LOT IN FRONT OF CCR**

1. All communications from the last four years regarding the parking lot and sidewalk in front of CCR and the two adjacent properties ("the CCR Parking Lot"), including communications concerning:

    a. Denying use of the CCR Parking Lot to the public;

    b. Safety concerns regarding the CCR Parking Lot;

    c. Accidents or injuries sustained by members of the public at the CCR Parking Lot;

    d. Complaints or concerns that the CCR Parking Lot poses an unsafe condition for the public. This includes concerns raised by County employees including law enforcement, zoning personnel, and first responders;

    e. Concerns raised by Mr. Bayne concerning the safety of the CCR Parking Lot.



FOIA Officer
December 5, 2017
Page 3

**INFORMATION REGARDING THE HIGHLANDER MOTEL**

2. All communications within the last four years regarding the request that the lot located at 823 North Kenmore Street ("the Kenmore Lot"), may be used to satisfy the parking requirements of the lot located at 3330/3336 Wilson Boulevard ("the Wilson Lot"). These are the same properties referred to in the Court's letter opinion of August 22, 2017 ("the Letter Opinion," attached hereto) as the Kenmore Lot and the Wilson Lot;

3. All communications, memos or reports within the last four years regarding the decision of the Zoning Administrator that the Kenmore Lot could not be used for transitional parking for a new building to be built on the Wilson Lot;

4. All communications within the last four years regarding the Board of Zoning Appeals' decision upholding the Zoning Administrator's decision in No. 3 above;

5. All analyses of whether the Kenmore Lot could be used for transitional parking for a new building to be built on the Wilson Lot;

6. All communications within the last four years regarding the potential purchase by CVS pharmacy or CVS health of the Highlander Motel and the zoning requirements for parking;



FOIA Officer
December 5, 2017
Page 4

7. All communications within the law four years regarding Case N. CL 16-2056 ("the Zoning Dispute"), the trial court's decision and any actual or potential appeal.

**INFORMATION ABOUT WILLIAM BAYNE, JR.**

8. All documents that discuss or reference William Bayne, Jr.

9. All documents that constitute, memorialize or reflect communications by the Board of Supervisors or persons within the Office of the County Manager concerning:

   a. The CCR Parking Lot and items in No. 1 above;

   b. The Zoning Dispute;

   c. William Bayne, Jr.

If there are any fees for searching or copying these records, please inform me if the cost will exceed $200.00.

The Virginia Freedom of Information Act requires a response to this request be made within five business days. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law.



FOIA Officer
December 5, 2017
Page 5

    Please let me know if there is anything further you require in order to process this request. I am happy to receive these records in the most economical and expedient manner that is convenient to your office, including personal pick up by my office or in electronic form.

    Thank you for considering my request.

Sincerely,

Bernard J. DiMuro

Attachment



# Circuit Court of Arlington County
## 1425 North Court House Road
## Arlington, Virginia 22201

WILLIAM T. NEWMAN, JR.
CHIEF JUDGE

DANIEL S. FIORE, II
JUDGE

LOUISE M. DIMATTEO
JUDGE

August 22, 2017

JUDGES RETIRED
JOANNE F. ALPER
JAMES F. ALMAND
BENJAMIN N.A. KENDRICK
PAUL F. SHERIDAN
CHARLES H. DUFF
CHARLES S. RUSSELL
(JUSTICE RETIRED)

Zachary G. Williams, Esq.
Bean, Kinney & Korman
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201

Stephen A. MacIsaac
Christine R. Sanders, Esq.
Office of the County Attorney
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201

Re: In re: July 13, 2016 Decision of the Board of Zoning Appeals
Case No. CL16-2056

Dear Counsel:

This matter is before the Court on the appeal of a decision of the Board of Zoning Appeals of Arlington County upholding a decision of the Zoning Administrator that the property known as the "Kenmore lot" could not be used for transitional parking for a new building to be built on what is known as the "Wilson lot". The facts and circumstances are well known to the parties and will not be recited in detail here. After consideration of the record before the Board of Zoning Appeals ("BZA") and the argument of counsel, the decision of the Board is reversed and Appellant will be permitted to use the Kenmore lot to meet the required parking for the Wilson lot.

The two lots mentioned share common ownership and in 1963 the BZA granted a Special Use Permit (SUP) to the owners to use the Kenmore lot for transitional parking for the use of the Wilson lot. The grant of this SUP was for transitional and not required parking. The use of the Wilson lot had met the required parking standard for that lot. The SUP granted the application for "additional parking in connection with motel now being constructed on adjacent property. a (sic) public parking area as a transitional use." The zoning code at the time defined

"Parking area, public, an open off-street area, other than a private parking area used for the parking of motor vehicles and available for general public use including customer use."

In 1983, the zoning code was amended to add the following "parking area transitional, an off-street area of land which is a transitional site and which is used as a private surface parking area but <u>not for the provision of parking required by this ordinance.</u> (emphasis added)." The zoning administrator and the BZA relied on this provision in ruling that "the transitional parking area located at 823 North Kenmore Street shall not be used to satisfy the parking requirements for the proposed pharmacy located at 3330 Wilson Boulevard."

Appellant argues that this determination by the Board is in derogation of its rights granted by the 1963 Special Use permit for the Kenmore lot to use the lot as provided for in the existing zoning ordinance as "--- used for the parking of motor vehicles and available for general public use <u>including customer use</u> (emphasis added)." They further argue that since the application to use the Kenmore lot in this fashion was made under §14.3.3.B.1 of the Code (applying to off-site parking in zoning districts other than R and R A districts) that the section of the Code dealing with transitional uses is inapposite and further the petitioner had the vested right to use the Kenmore lot for the purposes set forth in the 1960 Zoning code, i.e., public and customer parking. Appellant points out that the SUP does not limit the parking on the Kenmore lot in any manner.

The Appellees argue that the decision is appropriate because the section relied on (section 12.8.5) is the more restrictive provision that applies and the zoning code (section 1.4.1) requires the use of the more restrictive provision. The Board also argues that the Kenmore lot, being zoned R-6, does not allow (and did not in 1963) parking as a by-right use. Further, the Board argues that the SUP issued in 1963 was not to satisfy required parking and, hence, there is no vested right in petitioner for such a use.

The standard of review for this appeal is set forth in Title 15.2, Code of Va, §2314 as follows: "the Court Shall hear any arguments on questions of law de novo". Thus, there is no presumption of correctness nor any burden on petitioner to present evidence nor to prove the incorrectness of the Board's decision by a preponderance of the evidence.

The SUP granted in 1963 was subject only to two conditions, neither of which is implicated here. One dealt with the use of approved screening along the boundaries of the lot and the other with the orientation of the lot toward Wilson Boulevard. There is no limitation as to the time the SUP remains in effect nor is there any provision for periodic reviews. Importantly the permit is silent as to whether or not the transitional parking use could be used in meeting the required parking for the Wilson lot. There being no prohibition in the SUP for this use, the Appellant has the right to use the Kenmore lot for customer and public parking; thus, satisfying the parking requirements for the Wilson lot.

Mr. Williams shall prepare an appropriate order, noting Appellees' objections.

Very truly yours,

Alfred D. Swersky, Judge Designate