**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF ARLINGTON

| | |
|---|---|
| William Bayne, Jr.,      ) | |
|      ) | |
|      Petitioner,      ) | |
|      ) | |
|      v.      ) | Case No. _____ |
|      ) | |
| Arlington County,      ) | |
|      ) | |
|      Respondent.      ) | |

### PETITION FOR WRIT OF MANDAMUS

COMES NOW, WILLIAM BAYNE, JR. ("Petitioner" or "Mr. Bayne"), by and through undersigned counsel and petitions this Court for the issuance of a writ of mandamus and for other relief pursuant to Virginia Code § 2.2-3713 to require Arlington County ("Respondent") to comply with the provisions of the Virginia Freedom of Information Act, Virginia Code § 2.2-3700 *et seq.*, and in support thereof states as follows.

### INTRODUCTION

1.      This is an action under the Virginia Freedom of Information Act, Virginia Code § 2.2-3700 *et seq.* ("FOIA").

2.      As described herein, Petitioner has filed a public records request with Respondent under FOIA related to property that he owns in Arlington, Virginia. Respondent has failed to provide Petitioner with a complete set of the public records Petitioner requested in response to Petitioner's FOIA request asserting unsupported claims of attorney-client privilege in violation of the mandates of FOIA. Further, even if some or all of the records were at one time protected

Document received by the VA Arlington 17th Circuit Court.


EXHIBIT
6

by the attorney-client privilege, any such privilege has been waived or is otherwise subject to an exception.

3.      This request is supported by good cause and a verification, pursuant to Virginia Code § 2.2-3713(A).

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction and subject matter jurisdiction over this matter pursuant to Virginia Code § 2.2-3713(A).

5.      This Court is the proper venue for this matter pursuant to Virginia Code § 2.2-3713(A).

6.      Venue is proper pursuant to Virginia Code § 2.2-3713(A)(2).

## PARTIES

7.      Petitioner William Bayne, Jr., is a citizen of the Commonwealth of Virginia, and a resident of Arlington County.  Petitioner is the owner of several properties in Arlington, which are the subject of his FOIA requests, including: (1) BBB Corporation, trading as Crystal City Restaurant (hereinafter, "Crystal City Restaurant"), located at 422 South 23rd Street, Arlington, Virginia 22202; (2) 23rd Street Corporation, trading as Crystal City Sports Club (hereinafter, "CCSC"), located at 529 South 23rd Street, Arlington, Virginia 22202; and; (3) Highlander Associates Limited, trading as Highlander Motel Inn, also known as Highlander Motor Inn (hereinafter, "Highlander Motel"), located at 3336 Wilson Boulevard, Arlington, Virginia 22201.

8.      Respondent Arlington County is a public body of the Commonwealth of Virginia as the term is defined in Virginia Code § 2.2-3701.  As a public body it is governed by the disclosure requirements of FOIA. Virginia Code §§ 2.2-3700 *et seq.*

Document received by the VA Arlington 17th Circuit Court.

2

## THE VIRGINIA FREEDOM OF INFORMATION ACT

### "[P]ublic records . . . shall be presumed open, unless an exemption is properly invoked"

9.      FOIA defines "public records" as "all writings and recordings that consist of letters, words or numbers, or their equivalent, set down by handwriting, typewriting, printing . . . prepared or owned by, or in the possession of a public body or its officers, employees or agents in the transaction of public business." Virginia Code § 2.2-3701. FOIA provides that "[e]xcept as otherwise specifically provided by law, all public records shall be open to citizens of the Commonwealth . . . during the regular office hours of the custodian of such records. Access to such records shall be provided by the custodian in accordance with [FOIA] by inspection or by providing copies of the requested records, at the option of the requester. . . ." Virginia Code § 2.2-3704(A).

10.     FOIA provides that "all public records shall be available for inspection and copying upon request" unless "a public body or its officers or employees specifically elect to exercise an exemption provided by [FOIA] or any other statute." Virginia Code § 2.2-3700(B). Furthermore, "[a]ll public records . . . shall be presumed open, unless an exemption is properly invoked." *Id.*

### The attorney-client exemption shall be narrowly construed

11.     FOIA provides that its provisions "shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exemption from public access to records or meetings shall be narrowly construed and no record shall be withheld . . . unless specifically made exempt pursuant to [FOIA] or other specific provisions of law." Virginia Code § 2.2-3700(B); *see also City of Danville v. Laird*, 223 Va. 271, 276 (1982) ("The policy expressly

Document received by the VA Arlington 17th Circuit Court.

3

stated in this section is that this chapter shall be liberally construed to enable citizens to observe the operation of government and that the exemptions shall be narrowly construed in order that nothing which should be public may be hidden from any person.").

12.     FOIA's Attorney Client Exemption provides that "[w]ritten advice of legal counsel to state, regional or local public bodies or the officers or employees of such public bodies, and any other information protected by the attorney-client privilege" are excluded from the mandatory disclosure provisions of FOIA. Virginia Code § 2.2-3705.1(2) (the "Attorney Client Exemption").

13.     In an opinion of the Virginia Freedom of Information Advisory Council (the "Council"), the Council explained that the Attorney Client Exemption should be interpreted to parallel the common law attorney-client privilege, but not go beyond its scope. *See* Freedom of Information Advisory Opinion 25 (2003) ("Advisory Opinion 25"). It further stated that, "[b]ecause of the tension between the social benefit of unhampered communication between clients and counsel and the impairment to the search for the truth, most courts construe this privilege very narrowly. This tension is heightened when the communications at issue are between a government client and counsel, because the **'governmental privilege stands squarely in conflict with the strong public interest in open and honest government.'**" *Id.* (emphasis added).

14.     In another opinion, the Council noted that the Attorney Client Exemption does not apply to public records merely because a record is marked "privileged" or "confidential." Freedom of Information Advisory Opinion 4 (2011) ("Advisory Opinion 4"). "As always, what matters for FOIA purposes is whether there is a legal exemption and whether the contents of the record in question are in fact subject to that exemption." *Id.*

4

Document received by the VA Arlington 17th Circuit Court.

15.    "The fact that one communicates with a lawyer does not alone invoke the privilege. The attorney-client privilege only protects explicit and implicit requests from a client to a lawyer for legal advice and factual information from a client that the lawyer needs to form a legal opinion." Advisory Opinion 25 (2003); *see also* Advisory Opinion 4 (2011) (finding "routine weekly reports from the town manager to the town council that do not contain legal advice or other attorney-client communications" not subject to attorney-client privilege exemption).

16.    In *Bergano v. City of Virginia Beach*, 821 S.E.2d 319, 323 (Va. 2018), the Virginia Supreme Court held that information about the legal work performed on behalf of a public body contained in billing records or expense reports did not fall under the Attorney Client Exemption where it did not reveal confidential client communications or compromise litigation strategy.

17.    To invoke the Attorney Client Exemption a public body must establish six elements: the existence of "communications from a client; to the client's lawyer or lawyer's agent; relating to the lawyer's rendering of legal advice; made with the expectation of confidentiality; and not in furtherance of a future crime or tort; provided that the privilege has not been waived." Advisory Opinion 25 (2003). "As the attorney-client privilege must be construed narrowly, both according to the FOIA policy stated in § 2.2-3700 and at common law as quoted above, if any of the elements of privilege are not satisfied then the exemption will not apply." Advisory Opinion 4 (2011).

18.    The Virginia Supreme Court has held that in resolving whether public records are excluded under the Attorney Client Exemption, "a court's *in camera* review of the records constitutes a proper method to balance the need to preserve confidentiality of privileged

Document received by the VA Arlington 17th Circuit Court.

5

materials with the statutory duty of disclosure under VFOIA." *Bergano v. City of Virginia Beach*, 821 S.E.2d 319, 323 (Va. 2018) (citing *Virginia Dep't of Corr. v. Surovell*, 290 Va. 255, 269, 776 S.E.2d 579 (2015) ("[C]onfidential records requested in a VFOIA case are encouraged to be filed with the trial court for in camera inspection"); *LeMond v. McElroy*, 239 Va. 515, 518-21, 391 S.E.2d 309 (1990) (same)).

19.     Because Respondent has failed to provide sufficient information, *in camera* review is necessary to determine whether Respondent complied with its statutory duty of disclosure and narrowly construed the Attorney Client Exemption.

## "[A]ll portions of the public record that are not so excluded shall be disclosed"

20.     FOIA expressly provides that information excluded under Virginia Code § 2.2-3705.1 from a public record shall be redacted in accordance with Virginia Code § 2.2-3704.01.

21.     FOIA prohibits a public body from "withhold[ing] a public record in its entirety on the grounds that some portion of the public record is excluded from disclosure by this chapter or by any other provision of law." Virginia Code § 2.2-3704.01. FOIA provides that "[a] public record may be withheld from disclosure in its entirety only to the extent that an exclusion from disclosure under his chapter or other provision of law applies to the entire content of the public record. Otherwise, only those portions of the public record containing information subject to an exclusion under this chapter or other provision of law may be withheld, and all portions of the public record that are not so excluded shall be disclosed." *Id.*

22.     "Should it be the case that the [records] in question contain both exempt and non-exempt material, then *the public body may delete or excise only that portion of the record to which an exemption applies and shall release the remainder of the record*, as provided by subdivision B 2 of § 2.2-3704." Advisory Opinion 4 (emphasis in original).

6

Document received by the VA Arlington 17th Circuit Court.

23.     By excluding such records in their entirety, Respondent has applied the Attorney

Client Exemption too broadly.

### Respondent fails to "identify with reasonable particularity the volume and subject matter of withheld records" and fails to "bear the burden of proof to establish an exemption by a preponderance of the evidence"

24.     FOIA requires public bodies to promptly respond within five working days of

receiving a request by providing the requested records or, if the requested records are being

entirely withheld, by "identify[ing] with reasonable particularity the volume and subject matter

of withheld records, and cit[ing], as to each category of withheld records, the specific Code

section that authorizes the withholding of the records." Virginia Code § 2.2-3704(B).

25.     By failing to identify with reasonable particularity the subject matter of withheld

records, Respondent has violated FOIA.

26.     FOIA requires the public body to "bear the burden of proof to establish an

exemption by a preponderance of the evidence." Virginia Code § 2.2–3713(E).

27.     FOIA provides that "[a] single instance of denial of the rights and privileges

conferred by [FOIA] shall be sufficient to invoke the remedies granted herein." Virginia Code §

2.2-3713 (D).  Furthermore, "[a]ny failure by a public body to follow the procedures established

by this chapter shall be presumed to be a violation of this chapter." Va. Code Ann. § 2.2-3713;

*see also Burton v. Mann*, 74 Va. Cir. 471 (2008).

28.     FOIA provides that a petitioner is "entitled to recover reasonable costs, including

costs and reasonable fees for expert witnesses, and attorneys' fees from the public body if the

petitioner substantially prevails on the merits of the case, unless special circumstances would

make an award unjust." Virginia Code § 2.2-3713 (D).

7

Document received by the VA Arlington 17th Circuit Court.

29.    If a court determines that a violation of the provisions of FOIA "was willfully and knowingly made," it shall impose on the offending public official, in an individual capacity, "a civil penalty of not less than $500 nor more than $2,000." Virginia Code § 2.2-3714.

## FACTS GIVING RISE TO PETITIONER'S CAUSE OF ACTION

### FOIA Requests and Responses

30.    On December 5, 2017, counsel for Petitioner submitted a FOIA request seeking records from Respondent pursuant to Virginia Code § 2.2-3704 *et seq.*  (Exhibit 1, 12/5/17 Letter)  The request included nine specific topics within three categories and sought records containing (1) information regarding the parking lot in front of Petitioner's establishment, Crystal City Restaurant; (2) information regarding the Highlander Motel; and (3) information about Petition. (*Id.*)

31.    On December 29, 2017, Respondent responded to the request with a production of some but not all responsive documents.  (Exhibit 2, 12/29/17 Letter)  Respondent withheld or redacted 41 documents under the Attorney Client Exemption pursuant to Virginia Code § 2.2-3705.1(2). (*Id.*)

32.    On February 6, 2018, counsel for Petitioner replied to Respondent and requested that the withheld documents be produced in their entirety or with appropriate redactions and that as to any withheld information a privilege log be produced listing all parties to the communication, dates and subject matter of the communication, and the reason Respondent believes the communication is protected by the attorney-client privilege.  (Exhibit 3, 2/6/18 Letter p. 3 (emphasis added))  Petitioner also requested "sufficient information to demonstrate that the County sufficiently and narrowly construed the exemption so that Mr. Bayne or a court may determine whether the records were appropriately withheld." (*Id.* at p. 6)

Document received by the VA Arlington 17th Circuit Court.

8

33.    In a letter dated February 13, 2018, Respondent replied, saying that the excluded and redacted records contain the written advice of legal counsel regarding a zoning appeal and that an additional email would also be withheld. (Exhibit 4, 2/13/18 Letter)  Respondent did not provide a privilege log or any additional description of the excluded or redacted records or even identify to which of the nine specific topics the excluded or redacted records related. Respondent provided no information from which Petitioner or this Court could determine whether the records were properly withheld under the Attorney Client Exemption.

### Respondent's FOIA Violations

34.    Respondent has denied Petitioner access to public records based on the assertion that those documents are exempted from the mandates of FOIA under the Attorney Client Exemption, Virginia Code Section 2.2-3705.1(2).  Any such assertion of privilege must be narrowly construed. Virginia Code § 2.2-3700(B); *see also* Advisory Opinion 25 (2003); *City of Danville v. Laird*, 223 Va. 271, 276 (1982).  Importantly, FOIA states that "[a] single instance of denial of the rights and privileges conferred by this chapter shall be sufficient to invoke the remedies granted herein." Virginia Code § 2.2-3713(D).  Thus, if any records were improperly excluded or redacted, Petitioner is entitled to relief pursuant to Virginia Code § 2.2-3713, including attorneys' fees and penalties.

35.    In order for Respondent to exclude records from production under FOIA, it must "bear the burden of proof to establish an exclusion by a preponderance of the evidence." Virginia Code § 2.2-3713(E).  In order to effectively invoke the attorney-client privilege, Respondent must establish six things: that the excluded communication is between a lawyer and a client, involves the lawyer rendering legal advice, is made with the expectation of confidentiality, and is not in furtherance of a future crime or tort and that the privilege has not been waived.  Advisory

9

Document received by the VA Arlington 17th Circuit Court.

Opinion 25 (2003).  If the Respondent cannot prove all of these things, its assertion of privilege fails.  *Id.*

36.     Respondent cannot establish that each of the 42 excluded or redacted records is a communication with a lawyer rendering confidential legal advice protected by the Attorney Client Exemption.  *See* Advisory Opinion 25 (2003).  Despite Petitioner's request, Respondent has failed to produce a privilege log to demonstrate that it properly applied the exemption.  Only Respondent possesses the information required to determine whether the Attorney Client Exemption applies and Petitioner should not be required to rely on its word that the privilege is being properly invoked.

37.     Furthermore, Respondent's February 13, 2018 Letter falls short of the FOIA requirement that, as to any records withheld even just in part, the public body "identify with reasonable particularity the subject matter of withheld records."  Virginia Code § 2.2-3704(B)(2).  Under FOIA, this failure to follow established procedures is presumed to be a violation of the statute.  *See* Va. Code Ann. § 2.2-3713.

38.     Even if some portion of the requested public records are privileged, Respondent has violated FOIA by failing to redact or otherwise withhold only those portions of the requested public records containing information subject to the statutory exclusion and to disclose those portions that are not so excluded.  *See* Virginia Code § 2.2-3704.01.

## Crime-Fraud-Tort Exception to Attorney-Client Privilege

39.     Furthermore, Respondent cannot establish that each of the 42 excluded or redacted records is not a communication in furtherance of a future crime or tort as required to be covered by the Attorney Client Exemption.  *See* Advisory Opinion 25 (2003).  Respondent's

Document received by the VA Arlington 17th Circuit Court.

claim of attorney client privilege should therefore be disregarded under the crime-fraud-tort doctrine.

40.     The crime-fraud-tort exemption "excludes communications from the attorney-client privilege where a client 'sought the advice of counsel' to commit or further a crime or fraud, and the privileged materials are closely related to the client's existing or future criminal or fraudulent scheme" and "[i]n the Fourth Circuit, this exemption also applies to tortious conduct." *The Flexible Benefits Council v. Feltman*, 2008 WL 4572511 at *4 (E.D.Va. 2008) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999); *United States v. Jones*, 696 F.2d at 1072)). "Many courts have applied the exception to situations falling well outside of the definitions of crime or fraud." *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 282-83 (E.D.Va. 2004).

41.     Respondent engaged in fraudulent and/or tortious acts to harm Petitioner's business by blocking for no legitimate or justifiable reason the lawful use of his Highlander property and a lucrative lease to redevelop the Highlander Motel into a new pharmacy.

42.     The denial of the lawful use of Mr. Bayne's land was made without legal justification, and it took rulings of the Arlington County Circuit Court and the Virginia Supreme Court to eventually reverse Arlington County's improper denial of Mr. Bayne's rights under a Special Use Permit. (*See* Exhibit 5, Circuit Court Letter Opinion dated 8/22/17)  The Virginia Supreme Court denied the Board of Arlington County's Petition for Appeal on October 10, 2018.

43.     Arlington County's unlawful and baseless conduct, including its continued pursuit of the matter involving the Highlander when it was obvious there was no legal basis for its position, has caused Mr. Bayne and others to suffer loss of rental income of approximately $1.6 million (one million, six hundred thousand dollars) and legal fees of over $100,000 (one hundred

Document received by the VA Arlington 17th Circuit Court.

thousand dollars), as well as other damages due to delay and potential loss of a lease agreement that had been negotiated with a national pharmacy company.

**COUNT I – VIOLATION OF THE VIRGINIA FREEDOM OF INFORMATION ACT BY FAILURE TO PRODUCE RECORDS RESPONSIVE TO PETITIONER'S FOIA REQUEST**

44.     Petitioner reasserts and adopts by reference paragraphs 1-43.

45.     Respondent has failed to provide Petitioner with access to public records in response to Petitioner's FOIA request.

46.     In refusing to provide the requested public records to Petitioner in response to his FOIA request, Respondent relied on Virginia Code § 2.2–3705.1(2).  However, this exclusion is inapplicable to the requested public records because Respondent has failed to show that the requested public records contain the written advice of legal counsel.  Virginia Code § 2.2–3705.1(2).

47.     Furthermore, the exclusion is inapplicable because the purported privilege has been waived or is not applicable due to certain exceptions.

48.     Respondent's failure to provide Petitioner with the records responsive to his FOIA request violates Virginia Code §§ 2.2-3704(A) and 2.2-3700(B).

**COUNT II – VIOLATION OF THE VIRGINIA FREEDOM OF INFORMATION ACT BY FAILURE TO REDACT**

49.     Petitioner reasserts and adopts by reference paragraphs 1-43.

50.     Respondent withheld public records in their entirety in response to Petitioner's FOIA requests.

51.     Assuming *arguendo* that some portion of the requested public records are excludable under FOIA from disclosure, Respondent has violated FOIA by failing to withhold only those portions of the requested public records containing information subject to statutory

Document received by the VA Arlington 17th Circuit Court.

exclusions and by failing to disclose all portions of the requested public records that are not so excluded.  Virginia Code § 2.2-3704.01.

**PRAYER FOR RELIEF**

FOR THE FOREGOING REASONS, Petitioner prays that this Court:

1.      Hold a hearing within seven days of the date of filing of this Petition, as required by FOIA, Virginia Code § 2.2-3713(C).

2.      Order Respondent to produce the records responsive to Petitioner's FOIA requests to this Court for *in camera* review.

3.      Issue a writ of mandamus ordering Respondent to produce to Petitioner all records responsive to Petitioner's FOIA requests.

4.      Order Respondent to pay Petitioner's costs, including costs and reasonable fees for expert witnesses, if any, and attorneys' fees.  *See* Virginia Code § 2.2-3713(D).

5.      Grant any such further relief as this Court deems just and proper.

Document received by the VA Arlington 17th Circuit Court.

Dated: April 12, 2019                    Respectfully submitted,

                                         WILLIAM BAYNE, JR.
                                         By Counsel


                                         Bernard J. DiMuro (VSB No. 18784)
                                         Jayna Genti, Esq. (VSB No.: 90065)
                                         M. Jarrad Wright, Esq. (VSB No.: 68814)
                                         DIMUROGINSBERG, P.C.
                                         1101 King Street, Suite 610
                                         Alexandria, Virginia 22314
                                         Telephone: 703-684-4333
                                         Facsimile: 703-548-3181
                                         Email: bdimuro@dimuro.com
                                                jgenti@dimuro.com
                                                mjwright@dimuro.com

                                         *Counsel for Petitioner William Bayne, Jr.*

Document received by the VA Arlington 17th Circuit Court.

14

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2019, pursuant to Virginia Code § 2.2-3713(C), a true

and accurate copy of this Petition for Writ of Mandamus was sent via email to:

Steve MacIsaac, Arlington County Attorney
Office of the County Attorney
cao@arlingtonva.us
2100 Clarendon Blvd., Suite 403
Arlington, VA 22201

Bernard J. DiMuro (VSB No. 18784)

Document received by the VA Arlington 17th Circuit Court.

15

## **VERIFICATION**

I solemnly affirm, under penalty of perjury, that the factual allegations contained in the foregoing Petition for Writ of Mandamus are true to the best of my knowledge, information, and belief.

Date: 4/12/19

William Bayne, Jr.

Document received by the VA Arlington 17th Circuit Court.

16